### THE SAMUEL MORRIS.

#### PELLY et al. v. THE SAMUEL MORRIS.

#### THREE OTHER CASES v. SAME.

(District Court, E. D. New York. September 11, 1894.)

MARITIME LIENS—PRIORITY.

Claims having accrued within 40 days *held* to take priority in payment over older claims, in the apportionment of the proceeds of a vessel. The Proceeds of the Gratitude, 42 Fed. 299, followed.

Apportionment of the Proceeds of the Sale of the Vessel.

Peter S. Carter, for Pelly and Stanwood.
Alexander & Ash, for Greason and others.
Benedict & Benedict, for Palmer.

BENEDICT, District Judge. These cases come before the court on the question of apportionment of the proceeds of the sale of the vessel. The amount in court is $848.26. The claims amount to $1,848. The first libel was filed on July 2, 1894. Of the claims, the claim of Greason, for $125.80, and that of Palmer, $54.40, accrued within 40 days from the time of the filing of the libel. All the other claims arose between July, 1893, and May 1, 1894. The question is whether the rule applied by Judge Brown in the case of The Proceeds of The Gratitude, 42 Fed. 299, shall be applied in a case like this, according to which rule claims having accrued within 40 days take priority in payment over older claims. The rule laid down in the case of the Gratitude seems to be a very proper rule, and I see no reason why it should not be applied in a case like this. Accordingly the order will be that Greason and Palmer be paid first in the distribution of the proceeds.